UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUALITY SHIPYARDS, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 09-3489 |
| M/V AXA CUTLASS SERVICE, her engines, tackle, furniture, equipment, appurtenances etc., *in rem* and MAC ELLIS BROOKS & SONS CONSTRUCTION COMPANY, LTD and BROOKS & SONS CONSTRUCTION CO., *in personam* | SECTION: "J" (2) |

## ORDER AND REASONS

Before the Court is Plaintiff's **Ex Parte Motion for Expedited Interlocutory Sale** (Rec. D. 16.). Having considered the motions and legal memoranda, the record, and the law, the Court finds that Plaintiff's **Ex Parte Motion for Expedited Interlocutory Sale** (Rec. D. 16.) is **DENIED**.

## BACKGROUND

This case derives from a contract for repairs between the

1

two parties in this lawsuit. (Pl. Motion ¶ 1.) Plaintiff alleges that they completed the repairs for which they billed $919,219.12 but were only paid $192,284.98. Id. Plaintiff further alleges that the work began on August 19, 2008 and finished November 8, 2008. Id. Plaintiff alleges that the last payment was received on October 1, 2008. Id.

On May 8, 2009, Plaintiff filed a complaint and requested a writ of seizure which was granted. (Pl. Motion ¶ 2-3.) On May 22, 2009, Chet Morrison Contractors, Inc., filed an intervenor complaint claiming an additional lien on the vessel. (Rec. D. 13) On June 3, 2009, Plaintiff filed a notice of seizure in the *Times Picayune* pursuant to Local Admiralty Rule 64.1 and Supplemental Rule c(6). (Pl. Motion ¶ 5.) Vessel Owner has not responded.

## **LEGAL STANDARDS**

In order to execute an expedited interlocutory sale of a vessel with maritime lien Plaintiff must show that they bear a burden in maintaining the vessel. Samsun Logix Corp. v. Parkroad Corp., 2009 U.S. Dist. LEXIS 7602 (E.D. La. Feb. 3, 2009) The merits of the underlying claim are not material to this decision. Id.

The rules recognize three situations in which an expedited

sale is appropriate: (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;(B) the expense of keeping the property is excessive or disproportionate; or (C) there is an unreasonable delay in securing release of the property. Supplemental Rules for Certain Admiralty and Maritime Rules of the FRCP E(9).

The Fifth Circuit has determined that only one of the three scenarios need apply to justify a sale. <u>Merchants Nat'l Bank v. Dredge General G.L. Gillespie</u>, 663 F. 2d. 1338, 1341 (5th Circuit, 1981).

## **DISCUSSION**

**A. The Parties' Arguments**

Plaintiff is seeking to initiate sale of the vessel pursuant to Supplemental Rules for Certain Admiralty and Maritime Rules of the FRCP E(9).

Plaintiff alleges that they have not been paid for six (6) months and do not expect payment. They allege that there are expenses associated with the seizure which would become burdensome if the sale is delayed. Plaintiff states that they do not believe that the vessel owner will secure release from the lien. Plaintiff further indicated that there are buyers who are

3

interested in purchasing the boat now who may not be interested in purchase in the future.

Finally, Plaintiff argues that since no claim has been entered by Defendant for the vessel within the allotted fifteen (15) days, a default may be ordered pursuant to Local Admiralty Rule 64.1.

Vessel owner has not responded.

**B. Analysis**

Courts have tended to take a fact specific approach to these motions. For example, in Neptune Orient Lines v. Halla Merchant Marine Co., the court found that the crew members of the ship were being prejudiced and that a three (3) and half month delay in the proceedings was sufficiently burdensome to warrant a sale. 1998 U.S. Dist. LEXIS 3745 (E.D. La. Mar. 19, 1998). However, in Action Marine v. M/V Norseman, the court found that a delay of almost five (5) months to be acceptable and did not require a sale where there was no identifiable harm to Plaintiff. 1997 U.S. Dist. LEXIS 5898 (E.D. La. Apr. 28, 1997).

In most of these cases, Plaintiffs provided the court with detailed accounts of the reasoning for the sale. See e.g. Samsun Logix Corp. v. Parkroad Corp., 2009 U.S. Dist. LEXIS 7602 (E.D.

La. Feb. 3, 2009)

**Conclusion**

In the present case, Plaintiff makes only conclusive statements about costs. The delay in release of the vessel seems to be relatively short. Plaintiff further alleges that there is a Marshall sale scheduled for July 23, 2009 in which they wish to take part. However, they make no argument that they cannot participate in future sales. None of these reasons are backed by specific factual allegations or proof. Accordingly,

**IT IS ORDERED** that Plaintiff's **Ex Parte Motion for Expedited Interlocutory Sale** (Rec. D. 16.) is **DENIED**. Plaintif has leave to re-urge this motion at a later date.

New Orleans, Louisiana, this 6th day of July, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE